UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES JAY DAVIS, SR.,

     Petitioner,

v.                                     CASE NO. 6:12-cv-479-Orl-31KRS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

     Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1).   Respondents filed a response to the petition in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases for the United States District Courts* (Doc. No. 6).   Petitioner filed a reply to the response (Doc. No. 9).

Petitioner alleges one claim for relief in his habeas petition: appellate counsel was ineffective for failing to argue that a violation of the psychotherapist-patient privilege occurred at the violation of probation ("VOP") hearing.   For the following reasons, the Court concludes that Petitioner is entitled to relief on his claim.

I.    *Procedural History*

Petitioner was charged with two counts of sexual activity with a child by a person in familial or custodial authority (counts one and two), two counts of committing a lewd or lascivious act upon a child (counts three and five), and one count of committing a

lewd or lascivious act in the presence of a child (count four) (case number

05-1993-CF-011313).   Petitioner entered a guilty plea to counts one, three, four, and five

as charged and to the lesser included offense of attempted sexual activity with a minor

for count two.   The trial court sentenced Petitioner on August 4, 1994, to a ten-year term

of imprisonment for count one to be followed by ten years of probation.   The trial court

also sentenced Petitioner to ten years of probation for the remaining counts.   The

probationary sentences were ordered to run concurrently to each other but consecutively

to Petitioner's term of incarceration.

Petitioner was released from prison in 1998 and began serving his probationary

term.   Ten years later, on August 29, 2008, the State issued an affidavit for violation of

probation, alleging Petitioner violated condition (h) of the terms of probation by failing to

successfully complete his rehabilitative sex offender treatment.[1]   The trial court held a

VOP hearing, after which it found that Petitioner violated the terms of his probation.

The court sentenced Petitioner to a seventeen-year term of imprisonment for count one to

be followed by a ten-year term of probation and to concurrent fifteen-year terms of

imprisonment for the remaining counts of attempted sexual activity with a minor (count

two), committing a lewd or lascivious act upon a child (counts three and five), and

---

[1] Condition (h) specifically provides: "As directed by your Officer, you will enroll in, regularly attend, and successfully complete, such programs as are reasonably related to your past and future criminality, or to the rehabilitative purposes of probation; including but not limited to alcohol and drug treatment and counseling, mental health counseling, vocation and educational courses, rehabilitation programs, evaluation and therapy" (App. B at 255).

committing a lewd or lascivious act in the presence of a child (count four).[2]   Petitioner

appealed, and the Fifth District Court of Appeal affirmed *per curiam*.

Petitioner filed a motion to correct illegal sentence pursuant to Rule 3.800(a) of the

Florida Rules of Criminal Procedure.   The trial court granted the motion in part and

amended Petitioner's probationary term for count one.   The Clerk issued an amended

sentence reflecting that Petitioner was to serve two years and four and one-half months

of probation following his seventeen-year sentence for count one.   Petitioner did not

appeal.   Petitioner filed a second Rule 3.800(a) motion, which was denied.   Petitioner

subsequently filed a petition for writ of habeas corpus in which he alleged two claims of

ineffective assistance of appellate counsel.   The Fifth District Court of Appeal granted

the petition in part and remanded the case to the trial court for the removal of invalid

conditions of probation.   *Davis v. State*, 76 So. 3d 1014, 1016 (Fla. 5th DCA 2011).   The

appellate court denied the claim raised in the instant federal habeas petition without

discussion.   *Id.* at 1015 n. 1.

## II.     *Legal Standards*

---

[2] In Florida, when a defendant has violated probation, a trial court may sentence
that defendant to any sentence, including an incarcerative sentence, up to the maximum
allowable by statute, less any credit for time served.   *See* § 948.012(2)(b), Fla. Stat.
(stating that if a court imposes a term of probation and later revokes that term of
probation, the court may impose "any sentence that it could have imposed at the time the
offender was placed on probation . . . ."); *Waterman v. State*, 46 So. 3d 154, 156 (Fla. 2d
DCA 2010); *Powell v. State*, 763 So. 2d 364 (Fla. 4th DCA 1998).   Therefore, upon finding
a violation of probation in this case, the trial court was authorized to sentence Petitioner
to an incarcerative term for each count so long as the incarceration did not exceed the
maximum penalties provided in the statute.

A.      *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).   The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."   *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."   *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).   The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.   Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the

facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id.* Whether a state court's decision was an unreasonable application of law must be assessed in light of the record before the state court. *Holland v. Jackson*, 542 U.S. 649, 652 (2004) (*per curiam*); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law).

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.    *Standard for Ineffective Assistance of Counsel*

The United States Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of

reasonableness"; and (2) whether the deficient performance prejudiced the defense.[3]

*Id*. at 687-88. A court must adhere to a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance. *Id*. at 689-90. "Thus, a

court deciding an actual ineffectiveness claim must judge the reasonableness of

counsel's challenged conduct on the facts of the particular case, viewed as of the time of

counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir. 1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective

assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the
> test even what most good lawyers would have done. We ask only whether
> some reasonable lawyer at the trial could have acted, in the circumstances,
> as defense counsel acted at trial. Courts also should at the start presume
> effectiveness and should always avoid second guessing with the benefit of
> hindsight. *Strickland* encourages reviewing courts to allow lawyers
> broad discretion to represent their clients by pursuing their own strategy.
> We are not interested in grading lawyers' performances; we are interested
> in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under

those rules and presumptions, "the cases in which habeas petitioners can properly

prevail on the ground of ineffective assistance of counsel are few and far between."

*Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

---

[3]In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the United States Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

### III.    *Analysis*

Petitioner alleges appellate counsel was ineffective for failing to argue that a violation of the psychotherapist-patient privilege occurred at the VOP hearing.   As a condition of Petitioner's probation, he was ordered to enroll in, and successfully complete, a rehabilitative sex offender treatment program (App. B at 255).   Petitioner sought Sonya Taylor's ("Taylor") services as a psychotherapist and licensed clinical social worker in order to complete the sex offender rehabilitative treatment program (App. D at 14).   Taylor testified at the VOP hearing, over defense counsel's objection, regarding privileged conversations that she had with Petitioner during the course of his treatment.   *Id.* at 16-66.

Specifically, Taylor testified that she prepared a letter titled "Unsuccessful Termination from Treatment" and sent that letter to Petitioner's probation officer on August 26, 2008, when it became apparent that Petitioner would not be able to complete his treatment.   *Id.* at 38-39.   Taylor explained that she terminated Petitioner's treatment because he was not meeting the standard measures of progress that he should have met after ten years of treatment.   *Id.*   Taylor stated that Petitioner had difficulty with much of the "homework" he was given, and Petitioner was not being honest with her during therapy.   *Id.*   Taylor also noted that Petitioner had been given additional time to complete his treatment and he still could not complete his rehabilitative

program.[4]   *Id.* at 40.

Taylor further explained that Petitioner was not exhibiting the proper "victim empathy," had unsupervised contact with at least two minor females, had admitted to fantasizing about children in the neighborhood while masturbating, engaged in ongoing deceptive behavior, and was unwilling to address his diagnosis of pedophilia.[5] *Id.* at 43-45. Taylor gave specific examples of Petitioner's failures to complete the program, such as Petitioner's inability to compose an apology letter to the victim, his step-daughter, because he used language that was "almost assaultive" and did not accept responsibility.   *Id.* at 49.   Taylor also testified that Petitioner had unsupervised contact with his minor granddaughter on twelve or more occasions.   *Id.* at 52.   Finally, Taylor noted that Petitioner had used pornography in violation of the terms of his treatment plan.   *Id.* at 51. Taylor concluded that the rehabilitative purpose of her therapy program was not effective for Petitioner.   *Id.* at 57.

Petitioner denied having inappropriate, unsupervised contact with minor children, using pornography, or having fantasies about female children.   *Id.* at 73-81.

---

[4] Taylor initially terminated Petitioner from the treatment program on January 2, 2007. However, the trial court gave Petitioner another nine months to complete the program.   *Id.*   Taylor explained Petitioner was readmitted to her rehabilitative program with very specific expectations that he would complete his program within a certain timeframe.   *Id.*   When it became apparent to Taylor that Petitioner would not successfully complete the program after being given several warnings, she was required to terminate him from the program.   *Id.*

[5] Taylor also stated that Petitioner did not voluntarily share his fantasies, concerns, or urges but only discussed these issues with her after they were discovered

The trial court found that Petitioner had willfully failed to complete his sex offender treatment program. *Id.* at 104. In making this finding, the trial court noted that the State had not alleged any independent violations of probation for viewing sexually stimulating material or having unsupervised contact with minors. *Id.* at 104-05. The trial court found that although Petitioner attended treatment with Taylor, he was evasive and dishonest, and therefore, "aggressively reject[ed] the treatment," which amounted to a willful and substantial violation of his probation. *Id.* at 107.

Petitioner appealed the trial court's finding. Appellate counsel, however, did not argue that the trial court erred by allowing Taylor's testimony regarding her privileged communications with Petitioner (App. H). Petitioner raised the instant claim in his petition for writ of habeas corpus filed with the Fifth District Court of Appeal, and the appellate court rejected the claim without discussion. *Davis*, 76 So. 3d at 1015.

Claims of ineffective assistance of appellate counsel are governed by the same standard applied to trial counsel under *Strickland*. *See Sairras v. Fla. Dep't of Corr.*, 496 F. App'x 28, 34 (11th Cir. 2012) (citing *Heath v. Jones*, 941 F.2d 1126, 1130 (11th Cir. 1991)). The Sixth Amendment does not require appellate counsel to raise every non-frivolous issue. *Id.* Appellate counsel must be allowed to exercise his or her reasonable professional judgment in selecting those issues most promising for review, and "[a] brief that raises every colorable issue runs the risk of burying good

---

during his polygraph examination. *Id.* at 48.

arguments." *Jones v. Barnes*, 463 U.S. 745, 753 (1983).   To determine if prejudice occurred, the Court must first review the merits of the omitted claim.   *See Heath*, 941 F.2d at 1132.   Counsel's performance will be deemed prejudicial if the Court concludes that "the neglected claim would have a reasonable probability of success on appeal." *Id*.

Florida law provides a psychotherapist-patient privilege in which a patient has "a privilege to refuse to disclose, and to prevent any other person from disclosing, confidential communications or records made for the purpose of diagnosis or treatment of the patient's mental or emotional condition . . . between the patient and the psychotherapist." § 90.503(2), Fla. Stat. (1993).   The psychotherapist-patient privilege does not apply (1) during involuntary commitment proceedings; (2) where there is a court-ordered mental examination; or (3) when the patient raises and relies on the issue of his or her mental condition in litigation or as part of any claim or defense.   § 90.503(4)(a)-(c), Fla. Stat.

The instant proceedings were not involuntary commitment proceedings, nor did Petitioner raise or rely on his mental condition as a defense.   Therefore, exceptions one and three do not apply.   Furthermore, although the sex offender rehabilitative treatment in this case was court-ordered, pursuant to Florida law, Petitioner's treatment does not fall within the exception contained in section 90.503(4)(b). *See Hughes v. Schatzberg*, 872 So. 2d 996, 997 n. 1 (Fla. 4th DCA 2004) (holding that a court order for a defendant to submit to counseling is not the equivalent of a court-ordered mental

examination); *Viveiros v. Cooper*, 832 So. 2d 868, 869 (Fla. 4th DCA 2002) (holding the plaintiff's substance abuse treatment, ordered pursuant to a plea agreement in his criminal case, did not constitute a court-ordered examination under section 90.503(4)(b)); *compare Wheeler v. City of Orlando*, No. 6:07-cv-1287-Orl-22DAB, 2007 WL 4247889, at *2-3 (M.D. Fla. Nov. 30, 2007) (distinguishing *Viveiros* and holding that a court order for a mental health examination to determine competency falls under the statute).

In the instant case, Petitioner's sex offender treatment was ordered as a condition of his probation. Therefore, similar to *Hughes* and *Viveiros*, it did not constitute a court-ordered examination pursuant to section 90.503(4). Accordingly, Petitioner's statements to Taylor made during counseling sessions were privileged and could not be disclosed without Petitioner's consent.

Notwithstanding the prohibition against disclosure contained in § 90.503, Florida Statutes, in *Saenz v. Alexander*, 584 So. 2d 1061, 1063 (Fla. 1st DCA 1991), the First District Court of Appeal held that the appellant had waived the privilege against disclosure. In that case, the appellant signed a deferred prosecution agreement which stated "[b]y signing this agreement, you shall authorize the delivery of any reports, X-rays, photographs or documents concerning your medical or psychological status to the Probation Officer." *Id.* at 1062. The appellant's deferred prosecution agreement also provided that he would "obtain an evaluation and successfully complete counseling . . . ." *Id.* In determining that the appellant had waived his

psychotherapist-patient privilege, the court reasoned that by signing the deferred prosecution agreement, appellant had indicated that he intended his subsequent communications with psychotherapists to be communicated to his probation officer. *Id.* at 1063 (citing § 90.507, Florida Statutes) (stating that a person waives the privilege against disclosure of a confidential communication if he voluntarily discloses or makes communications when he does not have a reasonable expectation of privacy).

Furthermore, in *Jean-Baptiste v. State*, 931 So. 2d 965, 965 (Fla. 4th DCA 2006), the Fourth District Court of Appeal, relying on *Saenz*, held that the appellant's communications with his drug counselor were not privileged because he entered into a plea agreement wherein he specifically agreed to substance abuse evaluation and drug testing.   In *Jean-Baptiste*, the court did not discuss whether there was a provision in the appellant's plea agreement or sentence which authorized the disclosure of the drug testing results to the appellant's probation officer.

Here there was no probation agreement.   Rather, the trial court ordered Petitioner to complete ten years of supervision following his incarceration.   Although the order included a provision requiring Petitioner to enroll in, attend, and successfully complete any rehabilitative program recommended by his probation officer, the order did not state that any reports or documents concerning his mental health would be delivered to his probation officer, like *Saenz*.   Furthermore, the disclosure here was not merely the failure of a drug test and disclosure that Petitioner used drugs as was the case in *Jean-Baptiste*.   Additionally, Petitioner's plea agreement and sentencing

documents do not provide for a waiver of any privilege (App. V).

This case is distinguishable from *Saenz* and *Jean-Baptiste*. Had the privilege been applied at the VOP hearing, much of Taylor's inculpatory testimony would have been excluded. Absent Taylor's tainted testimony, the State's case was of questionable merit. Therefore, appellate counsel's failure to raise this issue was objectively deficient and was prejudicial to Petitioner's case. The state court's denial of this claim was contrary to, or resulted in an unreasonable application of, *Strickland*, and Petitioner is entitled to relief pursuant to section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.     The Petition for Writ of Habeas Corpus filed by James Jay Davis, Sr. (Doc. No. 1) is **GRANTED** as to Petitioner's claim that appellate counsel was ineffective for failing to argue that a violation of the psychotherapist-patient privilege occurred at the violation of probation hearing.

2.     The writ of habeas corpus is conditionally **GRANTED**. Unless the State of Florida holds a new violation of probation hearing within **ONE HUNDRED TWENTY (120) DAYS** in case number 05-1993-CF-11313, Petitioner shall be released from custody.

3.     The Clerk shall enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 6th day of August, 2014.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 8/6
Counsel of Record
James Jay Davis, Sr.